UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARCI SMITH,

    Plaintiff,

                                CASE NO.:

v.

ARBOR CAPITAL PARTNERS, LLC,
D/B/A HARDEES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARCI SMITH, by and through undersigned counsel, brings this action against Defendant, ARBOR CAPITAL PARTNERS, LLC D/B/A HARDEES, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Sumter County which is in this district.

## PARTIES

4. Plaintiff is a resident of Citrus County, Florida.

5. Defendant operates a restaurant in Wildwood, in Sumter County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

## **FACTS**

11. Plaintiff originally began working for Defendant on February 15, 2020, as a cashier. Shortly thereafter she was offered a position as a baker, and she worked in this capacity until May 24, 2020.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

13. Plaintiff continues to suffer from the aforementioned physical or mental condition.

14. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

15. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

16. Defendant knew about Plaintiff's disability because it was discussed during her interview.

17. Additionally, on or about May 5, 2020, Plaintiff suffered two seizures while at work.

18. Plaintiff's supervisor, also the General Manager, Kemmaenmylie Garcia ("Garcia") sent Plaintiff home after her seizure.

19. On or about May 6, 2020, Plaintiff contacted Garcia and Garcia told Plaintiff that she had scared her and that Plaintiff should take the rest of the week off.

20. Garcia did not ask Plaintiff to provide a medical note.

21. When Plaintiff returned to work the following week, she learned that Defendant had reduced her schedule from six (6) days per week to three (3) days per week.

22. As time went on, Defendant further reduced Plaintiff's schedule to two (2) days a week.

23. On or around May 23, 2020, Defendant accused Plaintiff of refusing to sign a warning because she was 15 minutes late.

24. However, Plaintiff did not refuse to sign a warning and management was aware that Plaintiff was late, because she had notified them she was running late.

25. Also on May 23rd, around 5:00am, Plaintiff was no longer on the schedule to work.

26. On May 24, 2020, Plaintiff received a call from Garcia, and was told that Plaintiff was not on the schedule and a meeting would be held on that Friday.

27. However, the meeting never happened and Plaintiff had had no further contact with Management.

28. Plaintiff was forced to take leave as an accommodation from Defendant for her condition. Afterwards, Plaintiff requested to return to work.

29. Defendant refused to engage in an interactive discussion regarding Plaintiff's need for leave and subsequently, for her return to work.

30. On or about May 24, 2020, Defendant denied Plaintiff's request for accommodation, i.e., to return to work from her forced leave, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

31. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

32. On or about May 24, 2020, Defendant terminated Plaintiff's employment.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under the ADA.

35. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

36. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant when it forced her to take leave and then denied Plaintiff the ability to return to work.

37. Defendant also discriminated against Plaintiff on the basis of her disability and/or perceived disability when Defendant reduced Plaintiff's work hours without any analysis of Plaintiff's ability to perform the essential functions of her job safely and then terminated her.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

### COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j)     For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

32.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

33.     As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34.     Plaintiff engaged in protected activity under the ADA by requesting to return to work.

35.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

36.     Defendant's actions were willful and done with malice.

37.     The adverse employment action that Defendant took against Plaintiff was material.

38.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

   a)   A jury trial on all issues so triable;

   b)   That process issue and that this Court take jurisdiction over the case;

   c)   That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of May, 2022.

                              Respectfully submitted,

                              */s/ Brandon J. Hill*
                              **BRANDON J. HILL**
                              Florida Bar Number: 0037061
                              Direct Dial: 813-337-7992
                              **AMANDA E. HEYSTEK**
                              Florida Bar Number: 0285020
                              Direct Dial: 813-379-2560
                              **WENZEL FENTON CABASSA, P.A.**
                              1110 N. Florida Avenue, Suite 300
                              Tampa, Florida 33602
                              Main Number: 813-224-0431
                              Facsimile: 813-229-8712
                              Email: bhill@wfclaw.com
                              Email: aheystek@wfclaw.com
                              Email: aketelsen@wfclaw.com
                              **Attorneys for Plaintiff**